IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

**BONNIE H. GRANT, individually and on behalf of all others similarly situated,**

Plaintiffs,

vs.

**ROYAL OAK FINANCIAL SERVICES, INC. d/b/a "COLLECTION & RECOVERY BUREAU",**
Serve at:
Royal Oak Financial Services, Inc.
6412 River Crossing Drive
Sylvania, OH 43560

Defendant.

Case No.

**JURY TRIAL DEMANDED**

# CLASS ACTION COMPLAINT

**COME NOW** Plaintiffs, through counsel, and for their Complaint state:

### Jurisdiction

1. This court has jurisdiction over the present claim pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

### Parties

2. Plaintiff incorporates all preceding allegations by reference as if set out in full in this count.

3. Plaintiff, Bonnie Grant, is a natural person who resides in Bolivar, Missouri, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, Royal Oak Financial Services, Inc. is a Michigan Corporation and does business in the State of Missouri but has no registered agent in Missouri.

5. Royal Oak's registered agent in Ohio is Ronald J. Burnard, 11002 E. US 23, Blissfield, OH, 49228; and its principal place of business is 6412 River Crossing Drive, Sylvania, OH, 43560.

6. Defendant is engaged in the collection of debt within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)**

7. Plaintiff incorporates all preceding allegations by reference as if set out in full in this count.

8. On or about August 12, 2011, Plaintiff received a letter from an entity identifying itself only as "CRB" (out of the State of Ohio) seeking collection of a debt as a debt collector acting on behalf of First Charge Financial. A copy of said letter is attached hereto as Exhibit "A" and is incorporated herein by reference.

9. The name of "CRB" is not registered in the State of Ohio or the State of Missouri.

10. In reality, "CRB" is the "Collection & Recovery Bureau."

11. The Collection & Recovery Bureau is not a company; but is actually a trade name of Defendant Royal Oak Financial Services, Inc.

12. The "CRB" letter dated 8/12/2011 contained no reference to either the "Collection & Recovery Bureau" or to Royal Oak.

13. No one receiving notice from "CRB" would know that the company actually seeking to collect the debt was Royal Oak Financial Services, Inc. d/b/a Collection & Recovery Bureau.

14. No one receiving notice from "CRB" would know that the company actually seeking to collect the debt was "Collection & Recovery Bureau," a trade name registered in Ohio for Royal Oak Financial Services, Inc.

15. The "CRB" letter dated 8/12/2011 does not specify to whom Plaintiff allegedly owed the disputed debt, whether it was (a) the original creditor; (b) "CRB"; (c) Collection & Recovery Bureau; or (d) Royal Oak.

16. Upon information and belief, the alleged debt purportedly belonged to Defendant Royal Oak, d/b/a Collection & Recovery Bureau; although the collection letters from "CRB" fail to specify to whom the debt is allegedly owed.

17. On or about September 7, 2011, counsel for the Plaintiff sent a letter to "CRB" at the address specified in the collection letter dated 8/12/2011 in which Defendant was notified that the Plaintiff was represented by counsel and that a verification of the debt was requested. A copy of the counsel's notification letter is attached hereto as Exhibit "B" and incorporated herein by reference.

18. The Defendant did receive the counsel's letter dated September 7, 2011.

19. On or about September 16, 2011, the Plaintiff received a telephone call from Defendant in an attempt to collect the debt specified in the "CRB" collection letters, notwithstanding the prior receipt of notification that the Plaintiff was represented by counsel and had requested verification of the debt.

20. On or about September 21, 2011, the Defendant delivered correspondence directly to the Plaintiff at her address, notwithstanding the prior receipt of notification that the Plaintiff was represented. A copy of the correspondence dated September 21, 2011 is attached hereto as Exhibit "C" and incorporated herein by reference.

21. Prior to August 12, 2011, the Plaintiff notified the Defendant that the alleged debt was disputed and that she did not incur the alleged charges with the alleged original creditor.

22. Notwithstanding the Defendant's knowledge that the alleged debt was disputed, the Defendant still threatened in its August 12, 2011 collection letter to report the disputed debt to all three credit reporting bureaus.

23. In its collection letters dated August 12, 2011 and September 21, 2011, the Defendant claimed that Plaintiff owes $161.99 on the alleged debt.

24. In the itemization of the alleged debt provided as an attachment to the September 21, 2011 letter, the amount shown allegedly owing by the Plaintiff is only $111.72.

25. There is no express agreement between Plaintiff nor anyone else that would allow for the charging of additional interest, fee, charge, or expense incidental to the alleged principal obligation.

26. Defendant's acts and omissions detailed above constitute violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692c, 1692e, 1692f, 1692g, and 1692j, in that:

    a.  Defendant has engaged in direct communication with Plaintiff subsequent to the receipt of notification that Plaintiff is represented by counsel;

    b.  Defendant has threatened to communicate and report the disputed debt to all three credit bureaus notwithstanding its knowledge that the alleged debt is disputed;

    c.  Defendant has repeatedly engaged in using the name "CRB" to operate its debt collection business without disclosing its true name of "Collection & Recovery Bureau" or Royal Oak Financial Services, Inc.;

d. Defendant has failed to disclose the current and true owner of the alleged debt, thus misleading and deceiving the public into believing that they owe debt to persons or entities in which there is no debt actually owed;

e. Debtor engaged in the continued collection efforts by communicating with Plaintiff by telephone after receipt of a request for validation of the debt, but before providing such validation;

f. Defendant's collection forms deceptively create the false belief in their consumers that the alleged debt is actually owed to the original creditor, when in fact the Defendant is collecting the alleged debt for itself after having purportedly "purchased" the debt from the original creditor or another third party;

g. Defendant has attempted to collect amounts in excess of the alleged principal amount of the debt, notwithstanding that there is no express agreement between the Plaintiff or any other party for interest, fees, charges, or expenses incidental to the alleged principal obligation.

27. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorneys fees, and costs.

28. The conduct described above was undertaken on behalf of Defendant by its officers, agents or employees acting at all times relevant hereto within the scope of that relationship.

29. The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

30. Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff or other persons who have been the objects of its collection practices.

31. Plaintiff has incurred, and will continue to incur during the pendency of this action, attorney fees in responding to Defendant's unlawful collection activities.

32. As a result of the foregoing, Plaintiff has been damaged.

33. In order to punish it for its outrageous and unlawful conduct as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## Class Action

34. Plaintiff incorporates all preceding allegations by reference as if set out in full in this count.

35. Plaintiff brings this action on their own behalf and as representative of a class consisting of all consumers residing in the United States of America who, commencing two years before the date of filing of this Complaint, have been or will be the objects of Defendant's illegal debt collection efforts—said efforts including but not limited to:

    a. Repeatedly communicating with consumers directly after receiving notice that the consumers are represented by an attorney in violation of 15 U.S.C. § 1692c(a)(2);

    b. Repeatedly communicating with consumers after the consumer notified Defendant that he or she refused to pay the debt or that the consumer wished

Defendant to cease further communication with the consumer in violation of 15 U.S.C. § 1692c(c);

c. Repeatedly threatening to communicate and report the disputed debt to all three credit bureaus notwithstanding its knowledge that the alleged debt is disputed in violation of 15 U.S.C. § 1692e(8);

d. Repeatedly engaging in using the name "CRB" to operate its debt collection business without disclosing its true name of "Collection & Recovery Bureau" or Royal Oak Financial Services, Inc. in violation of 15 U.S.C. § 1692e(14);

e. Repeatedly failing to disclose the current and true owner of the alleged debt, thus misleading and deceiving the public into believing that they owe debt to persons or entities in which there is no debt actually owed in violation of 15 U.S.C. § 1692e(2);

f. Repeatedly engaging in the continued collection efforts by communicating with Plaintiff after receipt of a request for validation of the debt, but before providing such validation in violation of 15 U.S.C. § 1692g(b);

g. Repeatedly using collection forms that deceptively create the false belief in the public that the alleged debt is actually owed to the original creditor, when in fact the Defendant is collecting the alleged debt for itself after having purportedly "purchased" the debt from the original creditor or another third party in violation of 15 U.S.C. § 1692j(a); and

h. Repeatedly attempted to and actually collecting amounts in excess of the alleged principal amount of the debt, notwithstanding that there is no express agreement between the alleged debtors or any other party for interest, fees,

charges, or expenses incidental to the alleged principal obligation, in violation of 15 U.S.C. § 1692f(1).

36. The class also includes all other legal representatives, heirs, or beneficiaries ("Representative Claimants"), and any other persons asserting the right to sue the Defendant independently or derivatively by reason of their personal relationship with a consumer who has been the object of Defendant's illegal practices, including without limitation, spouses, parents, children, dependents, relatives and/or intestate beneficiaries, or "significant others," ("Derivative Claimants").

37. Plaintiff and the putative class bring this action for equitable, injunctive, and declaratory relief (with a right of opt-out) seeking that the Court declare Defendant's conduct unlawful; enjoin Defendant from engaging in all conduct that violates the FDCPA; order Defendant to disgorge itself of all ill-gotten and illegal sums it has collected as a result of its unlawful conduct; order Defendant to pay all statutory penalties in connection with its violation of the FDCPA; and create a court-supervised program, funded by the Defendant, to oversee Defendant's debt collection practices and ensure that Defendant adheres to the mandates of the FDCPA.

38. Plaintiff and the class bring this action for compensatory, statutory, and other damages in that they have suffered damages as a direct and proximate result of Defendant's violation of the FDCPA, for which an award of damages is appropriate to them or their Representative Claimants.

39. Plaintiff, on behalf of themselves and the class seek the creation of a court-supervised program, funded by the Defendant, to oversee Defendant's debt collection practices and ensure that Defendant adheres to the mandates of the FDCPA.

40. The named Plaintiff is a member of the class they seek to represent.

41. The members of the class are so numerous that joinder is impracticable.

42. There are questions of law and fact common to the class including, but not limited to:

    - Whether Defendant employed illegal means to collect on outstanding debts;
    - What tactics Defendant used to collect on outstanding debts;
    - Whether Plaintiff and other members of the class suffered damages as a result of Defendant's illegal debt collection practices; and
    - The applicability of the FDCPA to Defendant's conduct.

43. These and other questions of law and/or fact are common to the class and predominate over any questions affecting only individual class members.

44. The claims of the named Plaintiff is typical of the claims of the respective class they seek to represent, in that each named Plaintiff and all members of the proposed class were victims of Defendant's consistent and repeated violations of the FDCPA.

45. In the case of the proposed court-supervised program overseeing Defendant's collection efforts, the representative Plaintiff and the class as a whole will benefit from such relief, and their interests are aligned, because of their positions as targets of illegal debt collection practices.

46. The refund of all ill-gotten and illegal sums Defendant obtained and the payment of statutory penalties to the class will work to benefit the entire class.

47. The Plaintiff and class members seek a refund of, and restitution for, monies paid as a result of Defendant's wrongful and improper conduct in connection with the debt collection practices.

48. The Plaintiff and members of the class therefore seek to disgorge the Defendant of the monies inappropriately acquired by it as a result of their illegal debt collection practices.

49. The Plaintiff and class members also seek statutory penalties and statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

50. Plaintiff will fairly and adequately represent and protect the interests of the members of the class they represent.

51. The representative Plaintiff has retained counsel competent and experienced to represent them and the members of the proposed class.

52. Accordingly, the interests of the class will adequately be protected and advanced.

53. In addition, there is no conflict of interest among the representatives of the proposed class.

54. The interests of all class representatives are aligned because they have a strong interest in obtaining the requested debt collection practices monitoring program and in obtaining the disgorgement and reimbursement of all money obtained through Defendant's illegal debt collection practices.

55. In addition, the members of the class have an interest in securing their right to compensatory damages and in securing their right to statutory penalties.

56. A class action is a superior method for the fair and efficient adjudication of this controversy. The adjudication of a separate action by individual members of the class would create a risk of a) inconsistent or varying adjudications with respect to individual members of the class; or b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not

parties to the adjudications or substantially impair or impede their ability to protect their interests.

57. Questions of law or fact common to the members of the class predominate over any questions affecting only individual members. There is no special interest in the members of the class individually controlling the prosecution of separate actions; the damages sustained by individual class members may be relatively small; and the expense and burden of individual litigation make it impossible for the class members individually to address the wrongs done to them.

58. Notice can be provided to class members by a combination of published notice and first class mail using techniques and forms of notice similar to those customarily used in complex class actions.

59. Further, to the extent that Defendant engages in direct contact with members of the class, Defendant maintains a database it uses for corresponding with class members such as the database it used to send out its August 12, 2011 and September 21, 2011 letters seeking collection of a debt.

60. The Plaintiff and the class seek equitable relief in the form of a Court-ordered and supervised monitoring program, funded by the Defendant, to supervise Defendant's debt collection practices and ensure Defendant's compliance with the Fair Debt Collection Practices Act.

61. Class certification with respect to Plaintiffs' claims for relief in the form of the creation of a Court-supervised program to supervise Defendant's debt collection practices is appropriate because the Defendant has acted, or refused to act, on grounds generally

applicable to the class, making appropriate preliminary and final injunctive and declaratory relief.

62. Certification of the class is appropriate because the questions of law and fact common to the members of this class predominate over any questions affecting only individual members.

63. This class action is superior to other available remedies for the fair and efficient adjudication of this controversy.

64. Unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff and the class that they represent will suffer substantial and irreparable injury for which they have no adequate remedy at law.

## Jury Demand

65. Plaintiff incorporates all preceding allegations by reference as if set out in full in this count.

66. Plaintiff demands a jury trial.

## Prayer for Relief

**WHEREFORE**, Plaintiff prays that this Court grant the following relief:

- That this action be certified as a class action on behalf of the proposed class described herein and that counsel of record be appointed to represent the class;

- That the court enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendant to be unlawful, enjoining Defendant from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate;

- That a comprehensive, Court-supervised program be created to and funded by Defendant to oversee Defendant's debt collection practice and to ensure that Defendant follows the mandates of the FDCPA;

- That Defendant disgorge itself of all ill-gotten and illegal sums which it has collected as a result of its illegal debt collection practices;

- That Defendant pay Plaintiff and all members of the class actual damages;

- That Defendant pay Plaintiff and all members of the class punitive damages.

- That Defendant pay Plaintiff and all members of the class statutory damages in the amount of $1,000.00 per violation;

- That an award of attorneys' fees, expenses, legal interest, and costs of this action and any other relief to which the Plaintiffs are entitled be made in favor of Plaintiff and the class;

- For the imposition of an asset freeze and a constructive trust over all monies unlawfully obtained through Defendant's unfair, unlawful, fraudulent, and deceptive acts and practices which, if allowed to be retained, would unjustly enrich Defendant;

- Such other relief as this Court and a jury deem appropriate under the circumstances.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P.O. Box 117
Bolivar, Missouri 65613
Telephone:  (417) 326-5261
Facsimile: (417) 326-2845
dbrown@bolivarlaw.com


By   /s/ Donald M. Brown
       Donald M. Brown
       Missouri Bar No. 57652
       Attorney for Plaintiff